UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES M. KARNOFEL, | ) | CASE NO. 4:14CV135 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge George J. Limbert |
| CAROLYN W. COLVIN[1], | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Motion to Dismiss Plaintiff's Complaint filed by Defendant, Carolyn W. Colvin, Acting Commissioner of Social Security on April 9, 2014. ECF Dkt. #14. Plaintiff, Delores M. Karnofel, acting *pro se*, filed a memorandum in opposition to the motion on April 18, 2014. ECF Dkt. #17. Defendant filed a reply brief on April 25, 2014. ECF Dkt. #18. For the following reasons, the undersigned recommends that the Court grant the Commissioner's motion to dismiss.

## I.  PROCEDURAL AND FACTUAL HISTORY

On March 28, 2006, Plaintiff applied for SSI and DIB alleging disability beginning on September 1, 2000. *Karnofel v. Astrue*, 4:10CV766 ("*Karnofel I*")[2], ECF Dkt. #12, Transcript of Proceedings (Tr."). Plaintiff met the insured status requirements of the Social Security Act through September 30, 2003 ("date last insured" or "DLI"). Tr. at 46. The SSA denied Plaintiff's application initially and on reconsideration. Tr. at 44. Plaintiff requested an administrative hearing, and, on April 28, 2009, an ALJ conducted an administrative hearing and accepted the testimony of Samuel Edelmann, an impartial vocational expert ("VE"). Tr. at 11-17. Plaintiff, who was acting *pro se*,

---

[1]On February 14, 2013, Carolyn W. Colvin became the acting Commissioner of Social Security, replacing Michael J. Astrue.

[2]A previous application for benefits was denied on May 21, 2003 and was not reopened in 2006.

requested that the hearing be postponed, but her request was denied and she was told that she was expected to attend the hearing.  Tr. at 44. Plaintiff did not attend the hearing.  On May 13, 2009, the ALJ issued a Decision denying benefits. Tr. at 44-53.  Plaintiff filed a request for review, Tr. at 9-10, which was denied by the Appeals Council on March 5, 2010.  Tr. at 1-4.

On April 13, 2010, Plaintiff sought judicial review of the Commissioner's decision. *Karnofel I,* ECF Dkt. #1.  On June 22, 2011, the assigned magistrate issued a report and recommendation recommending affirmation of the Commissioner's decision to deny benefits. *Karnofel I,* ECF Dkt. #24. On July 18, 2011, the Court overruled Plaintiff's objections to the report and recommendation, and affirmed the Commissioner's decision.  *Karnofel I,* ECF Dkt. #26, 27. Plaintiff's motion for reconsideration was marginally denied on August 23, 2011.  *Karnofel I,* ECF Dkt. #30.

Plaintiff filed her Notice of Appeal to the Sixth Circuit Court of Appeals on  September 1, 2011.  *Karnofel I,* ECF Dkt. #31.  On June 26, 2013, the Sixth Circuit affirmed the decision of this Court.  *Karnofel I,* ECF Dkt. #35, *Karnofel v. Commissioner of Soc. Sec.,* 518 Fed.Appx 455, 2013 WL 1811761.

During the pendency of judicial review of *Karnofel I,* on April 12, 2011, Plaintiff filed applications for SSI and DIB, again alleging an onset date of September 1, 2000, and a DLI of September 30, 2003.  ECF Dkt. #16-2, p. 1-4; See also ECF Dkt. #14-1, Affidavit of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, ¶ 4(b).  On September 1, 2011, at the reconsideration level, the State Agency Disability Determination Service concluded that Plaintiff was disabled as of April 12, 2011(the then current application date), and awarded SSI benefits beginning May of 2011. ECF Dkt. #16-8, p. 1-7.

Plaintiff requested reconsideration of the decision, but her claim was denied on March 9, 2012. ECF Dkt. #16-4, p. 1-4.  Plaintiff filed a Request for Reconsideration on April 12, 2012.  She wrote, "[S]ufficient medical/physical evidence was submitted prior to 2003. The onset date and reason (mental) for disability are incorrect."  ECF Dkt. #16-1, p. 1.

-2-

Although an application for SSI benefits may not establish entitlement to retroactive benefits (benefits predating the application date), an application for DIB may establish entitlement for any month in which the claimant meets all of the eligibility requirements – up to twelve months before the month that the application was filed.  See POMS DI 10105.015.  Presumably, Plaintiff sought recovery of retroactive benefits, unavailable to SSI claimants, and, therefore, her request for reconsideration was addressed solely as it related to her DIB application.

On June 5, 2013, an Administrative Law Judge issued a Notice of Dismissal of Plaintiff's request for administrative hearing.  ECF Dkt. #14-1, p. 29-33. The ALJ explained that Plaintiff's DLI was September 30, 2003, and that the May 13, 2009 Decision, which was administratively final, foreclosed Plaintiff's eligibility for DIB benefits.  The ALJ further explained that no new or material evidence had been submitted since the May 13, 2009 Decision, and that there had been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon with respect to the previously-adjudicated period. ECF Dkt. #14-1, p. 32-33. On November  22, 2013, the Appeals Council denied Plaintiff's request for review. ECF Dkt. #14-1, p. 34-35. On January 21, 2014, Plaintiff filed the above-captioned action.

## II.    MOTION TO DISMISS

The Social Security Act provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)(emphasis added). The Act also provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

Accordingly, where an administrative law judge denies a request for hearing, there has been no "final decision ... made after a hearing," and judicial review of the decision therefore is precluded by the plain language of the statute.  However, there is an exception to the rule precluding judicial review where the plaintiff presents a constitutional challenge to a decision of the Commissioner. The

Supreme Court explained this exception in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51

L.Ed.2d 192 (1977):

> Constitutional questions obviously are unsuited to resolution in administrative
> hearing procedures and, therefore, access to the courts is essential to the decision of
> such questions.... [W]hen constitutional questions are in issue, the availability of
> judicial review is presumed, and we will not read a statutory scheme to take the
> extraordinary step of foreclosing jurisdiction unless Congress' intent to do so is
> manifested by clear and convincing evidence.

Id. at 109 (quotation marks omitted). Nevertheless, the Sixth Circuit has observed that "[s]imply

couching in constitutional language what is, in reality, an argument that the Secretary abused his

discretion in refusing to re-open a claim, does not convert the argument into a colorable

constitutional challenge." *Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th

Cir.1987). "[A]bsent a colorable constitutional claim, federal courts are without jurisdiction to

review the Secretary's denial of benefits on the basis of *res judicata*." *Parker v. Califano*, 644 F.2d

1199, 1201 (6th Cir.1981). An "argument that the evidence was not properly reviewed does not

constitute a colorable constitutional claim." *Bowens v. Barnhart*, 101 F. App'x 93, 94 (6th Cir.2004).

Plaintiff argues in her response to Defendant's motion to dismiss that she was prevented by

the ALJ from presenting evidence[3] in support of her 2006 applications. Oddly, the evidence at issue

in this case is different from the evidence she claimed had been omitted from the record in her

judicial appeal of *Karnofel I*.  In *Karnofel I*, the Court concluded that Plaintiff had failed to show

good cause for failing to obtain and incorporate a letter from a physician and an RFC assessment

into the record at agency level.  Plaintiff alleged that she could not locate a doctor who understood

---

[3]Two exhibits are attached to the opposition brief to the motion to dismiss. "Exhibit One" is a March
2, 2009 letter to the ALJ from Plaintiff explaining her inability to attend the administrative hearing.  Three
"To Whom It May Concern" letters from Plaintiff's physicians, dated between August 16, 2002 and April
15, 2007, are attached to Plaintiff's letter.  Each letter purports to establish that Plaintiff could not attend the
hearing due to her medical conditions.  The ALJ recognized that Plaintiff had requested postponement of the
hearing, but he concluded that Plaintiff had failed to show good cause for her absence.  In fact, the ALJ
addressed each of the ailments Plaintiff asserted would prevent her from attending the hearing in his Decision,
and concluded that the limitations resulting from those ailments would not preclude full-time employment.

"Exhibit Two" is the results of a bone density test, dated June 27, 2000, performed by Milton
Lenhart, M.D.  Dr. Lenhart diagnosed osteoporosis, but did not comment on the limitations that would result
from the disease.

her hypothyroid disorder and musculoskeletal problems, but the Court found that Plaintiff's explanation was wholly unsubstantiated.

Here, Plaintiff contends that the ALJ purposefully omitted the two exhibits, and that the omission of the exhibits from the record constitutes fraud.  Plaintiff likewise accused the Sixth Circuit Court of Appeals of either negligently or fraudulently ignoring evidence.  However, Plaintiff has offered no evidence of fraud or evidence that the ALJ intentionally ignored the evidence at issue in this case.  Without substantiation of Plaintiff's fraud claims, the undersigned recommends that the Court find that Plaintiff's failure to include the evidence at issue in the administrative record of *Karnofel I* constitutes neglect on her part, and that she has offered no explanation for her failure to include the exhibits in the record.  In the alternative,  although Plaintiff contends that the evidence demonstrates that she was disabled prior to September 30, 2003, the undersigned recommends that the Court find that the evidence is cumulative in most respects and does not establish that Plaintiff was disabled prior to or on her DLI.

Finally, Plaintiff's argument that she was prevented from offering the evidence at issue in *Karnofel I* ignores the fact that Plaintiff did have a chance to submit her additional evidence –  as part of the materials in support of her 2011 applications. The ALJ denied the request for a hearing because he determined that nothing submitted in support of those applications constituted new and material evidence. Plaintiff could have supplied the new evidence as part of her 2011 applications, but she did not.

Simply stated, Plaintiff cannot raise a "colorable constitutional challenge" by arguing that the ALJ erred in failing to consider evidence that Plaintiff failed to present for consideration. The failure to avail one's self of the opportunity to present evidence does not amount to a deprivation of that opportunity or a denial of due process. Moreover, to the extent that Plaintiff argues that the ALJ conducted an improper review of the evidence that was submitted, judicial review on that basis is prohibited. *Bowens*, 101 F. App'x at 94.  Accordingly, the undersigned recommends that the Court find that Defendant's motion to dismiss is well-taken.

**III.**    **CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendant's motion to dismiss Plaintiff's complaint. ECF Dkt. #14.

DATE: December 11, 2014

                          */s/George J. Limbert*
                          GEORGE J. LIMBERT
                          UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).