UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                        :
DELORES M. KARNOFEL,                    :
                                        :       CASE NO. 4:14-CV-00135
                Plaintiff,              :
                                        :
v.                                      :       OPINION & ORDER
                                        :       [Resolving Docs. 1, 14, 20, 23 ]
CAROLYN W. COLVIN,                      :
ACTING COMMISSIONER OF SOCIAL           :
SECURITY,                               :
                                        :
                Defendant.              :
                                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Plaintiff Delores Karnofel seeks review of an Administrative Law Judge's ("ALJ") decision

denying her a hearing on her claim for additional social security benefits.[1]  Magistrate Judge Limbert

has issued a Report and Recommendation ("R&R"), recommending that the Court dismiss this

action.[2] Plaintiff has objected to the R&R.[3] For the reasons stated below, the Court **OVERRULES**

Plaintiff's objections, **ADOPTS** the R&R, and **DISMISSES** the complaint.

<h1 style="text-align:center">I. Background</h1>

        On March 28, 2006, Plaintiff Karnofel applied for Disability Insurance Benefits ("DIB") and

Supplemental Security Income ("SSI") alleging that (among other things) her mercury toxicity,

hypothyroid conditions, and candidiasis had rendered her disabled as of September 1, 2000.[4]  On

May 13, 2009, after an evidentiary hearing that Plaintiff did not attend, the ALJ determined that she

---

[1] Doc. 1; Doc. 17.
[2] Doc. 19.
[3] Doc. 20.
[4] Doc. 14-1 at 3–4.

Case No. 4:14-cv-00135
Gwin, J.

was not disabled and therefore not entitled to benefits.[5/] Plaintiff appealed that decision, which the Sixth Circuit ultimately affirmed in 2013.[6/]

On April 12, 2011, while her first case was still pending, Plaintiff Karnofel again filed for DIB and SSI, once again alleging a she had been disabled as of September 1, 2000, for substantially the same conditions she raised in her first case.[7/] On September 1, 2011, the Social Security Administration ("SSA") determined her eligible for SSI as of the date of her second application: April 12, 2011.[8/] Plaintiff requested reconsideration of the award so she could receive benefits going all the way back to September 1, 2000. Reconsideration was denied, and an ALJ dismissed her request for a hearing on the basis of *res judicata*. In denying her request, the ALJ found that the 2009 decision had already determined that Plaintiff was not eligible for benefits prior to 2009, and Plaintiff had not raised any new evidentiary or legal issues that would allow the SSA to revisit that decision.[9/] The SSA Appeals Council denied Plaintiff Karnofel's request for review.[10/]

Plaintiff now asks the Court to review the ALJ's decision to dismiss her request for a hearing. Defendant Commissioner of Social Security has moved to dismiss.[11/] Magistrate Judge Limbert recommended that Defendant's motion to dismiss be granted.[12/] Plaintiff objected to the R&R.[13/]

## II. Legal Standards

The Federal Magistrates Act requires a district court to conduct *de novo* review of the

---

[5/]*Id.* at 5–17.
[6/]*Karnofel v. Comm'r of Soc. Security*, 518 Fed. App'x 455 (6th Cir. 2013) (per curiam).
[7/]Doc. 16-1 at 1.
[8/]Doc. 16-8 at 1.
[9/]Doc 14-1 at 29–33.
[10/]*Id.* at 34–35.
[11/]Doc. 14 at 2. Plaintiff filed a brief in opposition to the motion to dismiss. Doc. 17.
[12/]Doc. 19 at 5.
[13/]Doc. 20.

Case No. 4:14-cv-00135
Gwin, J.

claimant's objections to a report and recommendation.[14/]  Any issue not raised is deemed waived.[15/]

An ALJ is empowered to dismiss a request for a hearing on the basis of *res judicata*.[16/]  "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."[17/]  Because the Court may only review a final decision of the Commissioner of Social Security made after a hearing,[18/] "[t]he courts are without jurisdiction to review the Commissioner's denial of benefits on the basis of *res judicata* unless the claimant presents a colorable constitutional claim."[19/]

### III. Discussion

#### A. Objections Related to the 2009 Decision

In her objections to the R&R, Plaintiff Karnofel primarily continues to argue that the 2009 ALJ decision was wrong to have found her not disabled.  This issue has already been put to rest by the Sixth Circuit, which affirmed that decision in 2013.  Furthermore, merely making an "argument that the evidence was not properly reviewed does not constitute a colorable constitutional claim."[20/]

Plaintiff also says her absence from the 2009 evidentiary hearing violated due process.  In 2009, Plaintiff asked the ALJ to postpone the hearing because she was unable to attend due to her medical conditions, and submitted a doctor's note in support of her request.[21/]  The ALJ reviewed the doctor's note, denied the request, and gave Plaintiff notice that the hearing would go forward as

---

[14/]28 U.S.C. § 636(b)(1).
[15/]*Funk v. Astrue*, No. 1:10-cv-2867, 2012 WL 1095918, at *2 (N.D. Ohio Mar. 30, 2012).
[16/] 20 C.F.R. § 404.957(c)(1).
[17/]*San Remo Hotel, L.P. v. City and Cnty of San Francisco*, 545 U.S. 323, 352 n.16 (2005); see also 20 C.F.R. § 404.957(c)(1).
[18/]*See* 42 U.S.C. §§ 405(g)–(h).
[19/]*Bowens v. Barnhart*, 101 F.App'x 93, 94 (6th Cir. 2004).
[20/]*Bowens*, 101 F. App'x at 94.
[21/]*See* Doc. 17-1; Doc. 17-4.

-3-

Case No. 4:14-cv-00135
Gwin, J.

scheduled.[22/]  When Plaintiff did not appear at the 2009 hearing, the ALJ conducted the hearing without her.[23/]

The Sixth Circuit already addressed Plaintiff's complaints about the ALJ's handling of her 2009 hearing and did not find any reversible errors.[24/]  Furthermore, this Court's own review confirms that Plaintiff was not denied due process in the 2009 hearing.  The ALJ gave Plaintiff sufficient notice of the hearing and the consequences of missing it to satisfy due process.[25/] Although Plaintiff says the ALJ failed to consider her doctor's note supporting adjournment as evidence of her disability, a review of the record shows that the ALJ received Plaintiff's request and admitted it into evidence.[26/]  Once again, then, Plaintiff's "argument that the evidence was not properly reviewed does not constitute a colorable constitutional claim."[27/]

**B. Objections Related to the Dismissal of Plaintiff's Request for a Hearing**

Plaintiff next says that the ALJ in this case denied her due process by failing denying her a hearing without considering additional evidence she submitted.[28/]  However, under the doctrine of *res judicata*, an ALJ must follow dismiss a later-filed claim for benefits "unless 'new and material evidence' shows a change in claimant's condition."[29/]

Much of the evidence Plaintiff points to is not new.  Evidence is "new" only if it was not in

---

[22/]Doc. 14-1 at 8; Jurisdictional Documents and Notices Part 3 at 18–21, *Karnofel v. Astrue*, No. 4:10-cv-766 (N.D. Ohio July 2, 2010), ECF Doc. 12-7.

[23/]Doc. 14-1 at 8.

[24/]*See Karnofel*, 518 F. App'x at 456.

[25/]*See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490 (6th Cir. 2006).

[26/]*See* Doc. 14-1 at 8, 14; Documents Related to Administrative Process Including Transcript of Oral Hr'g at 14, *Karnofel v. Astrue*, No. 4:10-cv-766 (N.D. Ohio July 2, 2010), ECF Doc. 12-2.

[27/]*Bowens*, 101 F. App'x at 94.

[28/]Doc. 17 at 2.

[29/]*Perry ex rel. G.D. v. Comm'r of Soc. Sec.*, 501 Fed. App'x 425, 427 (6th Cir. 2012) (citations omitted).

Case No. 4:14-cv-00135
Gwin, J.

existence or available to the claimant at the time of the prior administrative proceeding.[30/] A 2000

bone density exam and a 1997 letter from Dr. Brooks she references were already reviewed by the

ALJ in 2009.[31/] Similarly, a 2007 letter from Dr. Plottel concerning a dental examination was a part

of the administrative record in 2009.[32/] Plaintiff also submits letters dated in 2002 and 2007 from Dr.

Kerry discussing her hypothyroid condition.[33/] But numerous documents from Dr. Kerry's office

were part of the administrative record in 2009;[34/] there is no reason Plaintiff could not have submitted

them to the ALJ in 2009.

What new evidence Plaintiff did submit in this case is not material.  Evidence is material

when "there is a reasonable probability that the [Commissioner] would have reached a different

disposition of the disability claim if presented with the new evidence."[35/]  Plaintiff Karnofel's new

physical therapy report, indicating her limitations, is dated July 27, 2010.[36/] Because this report does

not describe Plaintiff's condition prior to 2009, it is immaterial to the question of whether she was

disabled at that time.

Because the Plaintiff failed to submit new and material evidence regarding her alleged

disability for the period between 2000 and 2009, the ALJ properly denied her hearing request on the

basis of *res judicata*.  Plaintiff's arguments concerning the review of the additional evidence she did

---

[30/]*Hollon*., 447 F.3d at 484.

[31/]Doc. 16-7 at 5, 19; Doc. 17-7 at 1; Doc. 20 at 4; Doc. 14-1 at 15.

[32/]*Compare* Doc. 17-3, *with* Medical Records Part 17 at 18, *Karnofel v. Astrue*, No. 4:10-cv-766 (N.D. Ohio July 2, 2010),  ECF Doc. 12-27.

[33/]Doc. 17-4; Doc. 17-5; Doc. 17-6.

[34/]Medical Records Part 8, *Karnofel v. Astrue*, No. 4:10-cv-766 (N.D. Ohio July 2, 2010), ECF Doc. 12-18; Medical Records Part 16, *Karnofel v. Astrue*, No. 4:10-cv-766 (N.D. Ohio July 2, 2010), ECF Doc. 12-26.

[35/]*Hollon*, 447 F.3d at 484 (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 1991)).

[36/]Doc.16-7 at 7.

-5-

Case No. 4:14-cv-00135
Gwin, J.

submit cannot sustain her claim that she was deprived of due process.

Plaintiff Karnofel has also submitted two doctors' notes in this Court that she says further supports her position that she is disabled.  One note describes a physical therapy session in 2015,[37/] and the other describes tests conducted in 2014.[38/]  Once again, this evidence is not material to the question of whether Plaintiff was disabled prior to 2009, and therefore does not justify sending this case back to the ALJ for further development of the factual record.[39/]https://ecf.ohnd.circ6.dcn/cgi-bin/DisplayMenu.pl?CivilEvents

### IV.  Conclusion

For the reasons above, the Court **OVERRULES** Plaintiff Karnofel's objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** the complaint.

IT IS SO ORDERED.

Dated: July 1, 2015                                        s/            *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[37/]Doc. 20-1.
[38/]Doc. 24-2.
[39/]*See* 42 U.S.C. § 405(g).

-6-