```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                               :
DELORES KARNOFEL,                              :
                                               :     CASE NO. 4:14-CV-00135
             Plaintiff,                        :
                                               :
v.                                             :     OPINION & ORDER
                                               :     [Resolving Doc. 27]
CAROLYN W. COLVIN,                             :
ACTING COMMISSIONER OF SOCIAL                  :
SECURITY,                                      :
                                               :
             Defendant.                        :
                                               :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Delores Karnofel brought this action seeking review of an Administrative Law Judge's ("ALJ") decision.[1] The ALJ's decision denied Karnofel a hearing on her claim for additional social security benefits. On July 1, 2015, the Court issued an Opinion and Order dismissing Plaintiff's complaint.[2] On July 10, 2015, Plaintiff Karnofel moved for reconsideration of that decision.[3]

The Federal Rules of Civil Procedure do not describe motions to reconsider. The Sixth Circuit, however, has held that a motion to vacate and reconsider may be treated under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.[4] Orders granting motions for reconsideration are extraordinary and are seldom granted because they contradict notions of finality

---

[1] Doc. 1; Doc. 17.
[2] Doc. 25.
[3] Doc. 27. Defendant Commissioner of Social Security opposes. Doc. 30.
[4] *Basinger v. CSX Transp., Inc.*, 91 F.3d 143, 1996 WL 400182, at *2 (6th Cir. July 16, 1996) (unpublished table opinion); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).

-1-

Case No. 4:14-CV-00135
Gwin, J.

and repose.[5]

A court may grant a motion to amend or alter a judgment "to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice."[6] "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"[7]

With this motion, Plaintiff Karnofel continues to make the same arguments she raised in her initial briefing. Plaintiff Karnofel disagrees with a 2009 ALJ's decision finding her not disabled. Plaintiff Karnofel also objects to the 2009 ALJ's decision to go forward with an evidentiary hearing in Plaintiff's absence after the ALJ denied Plaintiff's request to postpone the hearing. This Court considered and rejected these same arguments in the Court's prior opinion.[8] Plaintiff Karnofel has not convinced the Court to change that decision.

Plaintiff Karnofel also offers a new piece of evidence—a doctor's July 7, 2015, note enclosing the results of lab tests done on September 8, 2014.[9] For the same reasons given in the Court's prior opinion, this evidence would not be material to the question of whether Plaintiff was disabled prior to 2009.[10] Thus, the doctor's July 7, 2015, note would not have affected the outcome

---

[5] *See Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).
[6] *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).
[7] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994))
[8] *See* Doc. 25 at 3–5.
[9] Doc. 27-4 at 3–10.
[10] *See* Doc. 25 at 5–6.

Case No. 4:14-CV-00135
Gwin, J.

of the prior opinion. And more pertinent to this motion, there is no reason why Plaintiff could not have offered these September 2014 test results before the Court issued its prior opinion.[11] This evidence therefore does not require altering or amending the Court's prior judgment.

For the foregoing reasons, the Court **DENIES** Plaintiff Karnofel's motion for reconsideration.

IT IS SO ORDERED.

Dated: August 4, 2015        s/ *James S. Gwin*
       JAMES S. GWIN
       UNITED STATES DISTRICT JUDGE

---

[11] *See* Doc. 22 (granting Plaintiff's motion for an extension to file updated medical reports, and setting a cut-off date of March 2, 2015).